IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES HAROLD BURKE,<br>(# 10314-003) | * | |
| Petitioner, | * | |
| vs. | * | CRIMINAL NO.: 08-00176-WS<br>CIVIL ACTION: 11-00436-WS-B |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Petitioner James Harold Burke's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 57) and the Government's response in opposition (Doc. 59). This action, which was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b) of the Rules Governing Section 2255 Cases, is now ready for consideration. The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case. Kelley v. Secretary for Dep't of Corrs., 377 F.3d 1317 (11th Cir. 2004). Having carefully reviewed the record, the undersigned recommends that Burke's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 57) be **DENIED**, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner James Harold Burke. The

undersigned further recommends a finding that Burke is not entitled to the issuance of a certificate of appealability or to proceed *in forma pauperis* on appeal*.*

## I.  Background

On May 29, 2008, Burke was indicted for possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1). (Doc. 15).  The indictment also included a forfeiture count. (Id.). Burke entered a counseled guilty plea on July 18, 2008, and his sentencing was set for November 12, 2008. (Doc. 23).  Subsequent thereto, Probation prepared and circulated to counsel a Presentence Investigation Report ("PSR")[1]. (Doc. 37).  On two occasions, Burke's attorney sought and was granted a postponement of Burke's sentencing so that he could obtain information necessary to prepare Defendant's Position regarding the PSR. (Docs. 26, 28, 31, 33).  On February 2, 2009, Burke's counsel filed Defendant's Position with Respect to Sentencing Factors. (Doc. 34).  In the filing, Burke's counsel objected to the amount of drugs attributable to Burke, and information

---

[1] In the PSR, Burke's based offense level was calculated at 36 based on the drug amounts and his relevant conduct.  Burke was accorded a three point reduction for acceptance of responsible. (Doc. 37). With respect to his criminal history, Burke was accorded one point for an assault, 3rd degree conviction, and one point for a theft of property, 3rd degree conviction.  These two criminal history points established a criminal history category of II.  Based on the adjusted offense level of 33, and his criminal history category of II, the PSR placed Burke's guideline range as 151 to 188 months. (Id., at 5-7, 12).

regarding the alleged relevant conduct. Burke's counsel also objected to Burke being assigned a criminal point for assault, 3rd degree on the ground that Burke was never convicted of this offense. (Id., a 2, ¶ 4). His counsel also argued that the PSR reflects that the assault case was disposed of by a financial forfeiture and that such a disposition does not count as a conviction. Additionally, Burke's counsel objected to Burke being assigned a criminal history point for theft of property, 3rd degree on the ground that while Burke admitted guilt, adjudication was withheld. (Id., at ¶ 5)

At Burke's sentencing on February 27, 2009, his counsel again reiterated his objections to the PSR. (Doc. 53). After hearing from witnesses, and following arguments from counsel, the Court determined that the evidence supported a drug amount exceeding 500 grams, but below the amount contain in the PSR; thus, Burke's adjusted offense level was reduced two levels to 34. (Id., at 26-27). The Court overruled defense counsel's objections with respect to the criminal history points. (Id., at 28-35). As a result, Burke's offense level was placed at 34, and he was afforded a 3 point reduction for acceptance of responsibility, so his adjusted offense level was then 31. Burke's criminal history category remained at II. This yielded an advisory guideline range of 121 to 151 months. (Id., at 35). Burke was sentenced to 121 months, which was the low end of the guideline range.

3

(Id., at 42).[2]

Burke's trial counsel filed a notice of appeal on Burke's behalf, and requested permission to withdraw. (Docs. 42, 43). Substitute counsel was appointed to represent Burke on appeal. (Doc. 44). Burke's appellate counsel filed an Anders brief after an independent review of the record. (Doc. 56). The Eleventh Circuit affirmed Burke's conviction and sentence in an Order issued on November 27, 2009. (Id.). Over a year later, on August 1, 2011, the Clerk's Office received Burke's Motion to Vacate. (Doc. 57). In his motion, Burke declares, under penalty of perjury, that he deposited his petition in the prison's legal mail with first class postage affixed on January 18, 2011. (Id., at 7).

Burke's sole ground for relief is that he was denied effective assistance of counsel based on his trial counsel's alleged failure "to object to the fact that the priors listed in paragraphs 29-30 [of the pre-sentencing report] [he] never pled guilty to, and [he is] actually innocent of them." (Doc. 57 at 4). Burke argues that but for his counsel's failure to object to the prior convictions listed in the presentence report, he would have been eligible to receive

---

[2] on February 2, 2012, Chief Judge Steele granted Burke's motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense 18 U.S.C. 3582 (Doc. 67) and, without objection from the Government (Doc. 71), he reduced Burke's sentence to 120 months, which is at the low end of the amended statutory guideline. (Docs. 70, 73).

4

the "safety valve, which would have reduced [his] sentence substantially." (Id., at 8). Burke contends that he should be resentenced without the two criminal history points that were improperly attributed to him.

In response to Burke's petition, the Government suggests that Burke's petition is untimely. (Doc. 59 at 1, n.1). In addition, the Government argues that Burke's contention that his trial counsel was ineffective is belied by the record. (Id., at 1). The Government notes that Burke's counsel objected, on several occasions, to the two criminal history points attributed to Burke in the PSR. (Id., at 2-6).

On October 26, 2011, Burke filed a reply wherein he reiterates that he never pleaded guilty to the theft charge and that there was no adjudication of guilt with respect to that charge. (Doc. 63 at 2-3). In addition, Burke contends that on January 18, 2011, he tendered his petition to prison officials for mailing and they failed to mail it in a timely manner. (Id., at 4-5).

**II. Discussion**

As a preliminary matter, the undersigned notes that while the Government suggests that Burke's petition was untimely filed, no evidence has been proffered to support this assertion. Pursuant to the mailbox rule, absent contrary evidence, a prisoner's motion is deemed filed on the date it is delivered to prison officials for

mailing.  Houston v. Lack, 487 U.S. 266, 271-71, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988); Adams v. United States, 173 F. 3d 1339, 1340-41 (11th Cir. 1999).  The Government has the burden of demonstrating that the inmate did not timely provide the challenged document to prison officials for mailing.  Garvey v. Vaughn, 993 F.2d 776, 781 (11th Cir. 1993) ("Houston places the burden of proof for the *pro se* prisoner's date of delivering his document to be filed in court on the prison authorities, who have the ability to establish the correct date through their logs.") (citations omitted).  As noted *supra*, the Government contends that it is suspicious that Burke allegedly provided his motion to prison officials for mailing on January 18, 2011, but the Court did not receive it until nearly seven months later, on August 1, 2011.  While the lengthy delay is certainly suspect, the Government has not proffered any evidence that rebuts Burke's assertion regarding the date on which he tendered the document to prison officials for mailing.  Accordingly, based on the record before the Court, the undersigned finds that Burke's petition was tendered to prison officials for mailing on January 18, 2011; thus, it was timely filed.

The Court turns next to Burke's claim that his counsel was ineffective for failing to object to the criminal history points accorded him.  In Strickland v. Washington, 466 U.S. 668, 104 S. Ct.

2052, 80 L. Ed. 2d 674 (1984), the Supreme Court established a two-prong test for adjudicating ineffective assistance of counsel claims. "A defendant claiming ineffective assistance of counsel in violation of the Sixth Amendment must demonstrate that: (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the outcome of the proceedings." Windom v. Secretary, Dep't of Corrs., 578 F.3d 1227, 1248 (11th Cir. 2009) (citing Strickland, 466 U.S. at 687). Because the failure to demonstrate either deficient performance or prejudice is dispositive of the claim, courts applying the Strickland test "are free to dispose of ineffectiveness claims on either of [Strickland's] two grounds." Oats v. Singletary, 141 F.3d 1018, 1023 (11th Cir. 1998). "[U]nder the exacting rules and presumptions set forth in Strickland, 'the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between.'" Windom, 578 F.3d at 1248 (citations omitted).

In order to satisfy the "performance" prong of the Strickland test, a petitioner is required to show that his attorney's representation "fell below an objective standard of reasonableness," which is measured by "reasonableness under prevailing professional norms." Id., 466 U.S. at 688. That is, a petitioner must show that "counsel made errors so serious that counsel was not functioning as

7

the 'counsel' guaranteed the defendant by the Sixth Amendment." Id., 466 U.S. at 687. In considering such a claim, the court "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance." Smith v. Singletary, 170 F.3d 1051, 1053 (11th Cir. 1999) (citations omitted).

In addition, a petitioner must also satisfy the "prejudice" prong of the Strickland test. To that end, Petitioner must show that a reasonable probability exists that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. Petitioner "must affirmatively prove prejudice because '[a]ttorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial.'" Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004) (citations omitted). "[T]hat the errors had some conceivable effect on the outcome of the proceeding is insufficient to show prejudice." Id., 368 F.3d at 1293-94 (quoting Strickland, 466 U.S. at 693) (internal quotation marks omitted).

Upon review of the record, the undersigned finds that Burke's ineffective assistance of counsel claim is without merit, and is due to be denied. Burke has failed to prove any error on the part of his

trial counsel, much less any prejudice in the sentencing outcome. The record reflects that Burke's trial counsel diligently sought to investigate and address the amount of drugs attributed to Burke, and the criminal convictions that Burke disputed. Burke's counsel requested and was granted additional time to investigate the facts underlying the convictions contained in the PSR report. (Dos. 25, 26, 30, 31). Additionally, the record reflects that Burke's counsel repeatedly objected, in his response to the PSR and in his sentencing memorandum, to the drug amounts and the criminal history points assigned Burke. (Docs. 34, 40, 53). Burke's counsel continued to vigorously object at sentencing to the drug amounts and to the criminal history points assigned him. In fact, Burke's counsel was successful in having the amount of drugs attributed to him substantially reduced, such that his adjusted based offense level went from 36 to 34, which in turn, resulted in his guideline range going from 151 to 188 months to 121 to 151 months. (Doc. 53 at 35). Although Burke's counsel was not successful in securing a reduction in Burke's criminal history points, he vigorously raised this issue a number of times before the Court. Burke's claim that his counsel failed to object to the criminal history points accorded him is clearly belied by the record; therefore, Burke cannot establish that his counsel's performance was deficient under Strickland. His motion is due to be denied as a

9

result.

## II. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). Where a habeas petition is being denied on the merits of an underlying constitutional claim, a certificate of appealability should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 146 L. Ed. 2d 542 (2000) ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot [v. Estelle, 463 U.S. 880, 893, 103 S. Ct. 3383, 3394, 77 L. Ed. 2d 1090,  (1983)], includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues

presented were adequate to deserve encouragement to proceed further.") (internal quotation marks omitted); accord Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003).

For the reasons discussed above, reasonable jurists could not debate whether Burke's claim should be resolved in a different manner or was adequate to deserve encouragement to proceed further on the merits as it was clearly contradicted by the record. The recommendation that his claim be denied is based on the straightforward application of established law, and no reasonable jurist could differ on the appropriate disposition of his claim on the record presented. It is thus recommended that the Court deny any request for a Certificate of Appealability. Because Burke is not entitled to a Certificate of Appealability, any request for leave to appeal *in forma pauperis* is likewise due to be denied.

### III. Conclusion

For the foregoing reasons, it is recommended that Burke's § 2255 Motion to Vacate, Set Aside, or Correct Sentence be **DENIED**, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, James Harold Burke. In addition, the Undersigned Magistrate Judge further opines that Burke is not entitled to issuance of a Certificate

11

of Appealability; thus, is not entitled to appeal *in forma pauperis*.

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L. R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **12th** day of **November, 2013.**

                              /s/ SONJA F. BIVINS
                              **UNITED STATES MAGISTRATE JUDGE**